UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

U.S. DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE
MAY 28 2024
FILED

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 1:23-cr-12-PB |
| | ) | |
| RHONDA SIMPSON | ) | |

## PLEA AGREEMENT

Pursuant to Rules 11(c)(1)(A) and 11(c)(1)(C) of the Federal Rules of Criminal

Procedure, the United States of America by its attorney, Jane E. Young, United States Attorney

for the District of New Hampshire, and the defendant, Rhonda Simpson, and the defendant's

attorney, William Christie, Esquire, enter into the following Plea Agreement:

1. The Plea and The Offense.

The defendant agrees to plead guilty to Count 2 of the Indictment that charges her with

conspiracy to make false statements to a government agency, in violation of Title 18, United

States Code, sections 371 and 1001(a)(1).

In exchange for the defendant's guilty plea, the United States agrees to the sentencing

stipulations identified in Section 6 of this agreement. The United States also agrees to move to

dismiss Count 1 when the defendant is sentenced.

2. The Statute and Elements of the Offense.

Title 18, United States Code, Section 371 provides, in pertinent part:

If two or more persons conspire either to commit any offense against the United
States, or to defraud the United States, or any agency thereof in any manner or for
any purpose, and one or more of such persons do any act to effect the object of the
conspiracy, each shall be fined under this title or imprisoned not more than five
years, or both.

18 U.S.C. § 371.

Title 18, section 1001(a)(1) provides in pertinent part:

[W]hoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully . . . falsifies, conceals, or covers up by any trick, scheme or device a material fact . . . shall be fined under this title [and] imprisoned not more than 5 years;

18 U.S.C. § 1001(a)(1).

The defendant understands that the conspiracy offense has the following elements, each

of which the United States would be required to prove beyond a reasonable doubt at trial:

First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to commit a specified crime; and

Second, that defendant willfully joined in that agreement; and

Third, that one of the conspirators committed an overt act during the period of the conspiracy in an effort to further the purpose of the conspiracy.

*Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine*

*Internet Site Edition,* Instruction 4.18.371 (2024 Edition),

http://www.med.uscourts.gov/pdf/crpjilinks.pdf.]

The defendant further understands that the substantive violation of making a false

statement to a government agency has the following elements, each of which the United States

would be required to prove beyond a reasonable doubt at trial:

First, on or about the date specified, the defendant knowingly falsified, concealed or covered up a fact by any trick, scheme or device as detailed in the indictment;

Second, the defendant acted knowingly and willfully;

Third, the fact concealed by defendant was material to a government agency; and

Fourth, the subject matter involved was within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

Model Federal Jury Instructions § 40:03, O'Malley, et al., 6th Edition (2022 Edition).

3. <u>Offense Conduct</u>.

The defendant stipulates and agrees that if this case proceeded to trial, the government would introduce evidence of the following facts, which would prove the elements of the offense beyond a reasonable doubt:

Defendant Simpson was employed at StoneMakers Corporation, a professional limited liability company organized under the laws of New Hampshire.    StoneMakers Corporation additionally did business under the name StoneMakers Academy.

From its inception, a portion of StoneMakers Corporation's business involved marketing and selling training in its concrete landscape methods.    StoneMakers Corporation started operating this training portion of the business under the name StoneMakers Academy no later than February 2010. Beginning in 2012, the United States Department of Veterans Affairs (VA), an executive branch agency of the United States, provided financial assistance for veterans taking classes at StoneMakers Academy under the Post 9/11 GI Bill.

The Post 9/11 GI Bill is a VA educational benefit program for veterans who served on active duty after September 10, 2001.    The VA provides tuition and fee payments directly to qualifying schools on behalf of eligible veterans.    A school is ordinarily eligible to receive tuition payments for veteran students in a particular course only if the students receiving benefits total no more than 85% of the total amount of students who are enrolled in that course.    38 U.S.C. § 3680A(d)(1).    That is, a school is not eligible to receive tuition payments unless at least 15% of the students who are enrolled in the course are non-veteran who are not receiving discounts to their tuition.    38 C.F.R. 21.4201.    This is commonly known as the "85-15 Rule."

A veteran's tuition and fees are paid to an approved school in the amount below a maximum amount established by law.    Before the payments are made, the school must certify

- 3 -

the veteran's enrollment in an approved course. A school may not charge more for veterans to attend a course than it charges civilians to attend the same course. Any school that violates "the same tuition rule" is subject to suspension or dismissal from the program. The VA will not pay for claims submitted from a course that violates the same tuition rule.

The VA's Office of Inspector General (VA-OIG) provides oversight of VA programs and seeks to prevent and detect fraud, waste, and abuse in VA programs, including possible violations of the 85-15 Rule and other requirements of the Post 9/11 GI Bill.   In or about January 2018, the VA-OIG commenced an investigation into StoneMakers Academy's receipt of VA tuition assistance funds for the purpose of providing education and training to eligible veterans.

Throughout 2018, the defendant, working with others at StoneMakers Corporation, took steps to conceal StoneMakers Academy's violations of the 85/15 Rule and same tuition rule from the VA-OIG.   On or about July 13, 2018, the defendant sent an email to VA-OIG personnel that did not accurately answer a question whether StoneMakers had violated the 85/15 Rule over several courses between January 2015 and 2018.   Simpson and others created false and misleading documents to conceal the fact that past educational programs offered by StoneMakers Academy had been in violation of the 85-15 Rule.   A VA-OIG investigation that would reveal such violations would put StoneMakers Academy's eligibility for future VA educational programs at grave risk, thereby endangering an important source of revenue for StoneMakers.

On or about January 2019 through April 2019, in multiple responses to a subpoena from the VA-OIG, the defendant provided a roster which included civilians who she falsely claimed attended StoneMakers courses in the calendar years 2016 and 2017, thereby concealing the fact that those programs were out of compliance with the 85-15 Rule, and ineligible for participation

- 4 -

in the VA educational benefit program.   In addition, the defendant and others provided forged

enrollment and tuition contracts for civilians, falsely evidencing their purported attendance at

StoneMakers courses in the calendar years 2016 and 2017, thereby concealing the fact that those

programs were out of compliance with the 85-15 Rule and/or the same tuition rule, and ineligible

for participation in the VA educational benefit program.

StoneMakers Academy's compliance, or lack thereof, with the 85/15 Rule, was material

to the VA-OIG's investigation into the appropriate disposition of VA educational benefits.

4.   Penalties, Special Assessment and Restitution.

The defendant understands that the penalties for the offense are:

A.      A maximum prison term of 5 years (18 U.S.C. § 371);

B.      A maximum fine of $250,000 (18 U.S.C. § 3571);

C.      A term of supervised release of not more than 3 years (18 U.S.C. § 3583)
        The defendant understands that the defendant's failure to comply with any
        of the conditions of supervised release may result in revocation of
        supervised release, requiring the defendant to serve in prison all or part of
        the term of supervised release, with no credit for time already spent on
        supervised release; and

D.      A mandatory special assessment of $100 for the count of conviction, at or before
        the time of sentencing (18 U.S.C. § 3013(a)(2)(A)); and

E.      In addition to the other penalties provided by law, the Court may order the
        defendant to pay restitution to the victim(s) of the offense (18 U.S.C. § 3663 or
        § 3663A).

        To facilitate the payment and collection of any restitution that may be ordered, the
        defendant agrees that, upon request, she will provide the United States with a
        financial disclosure statement and supporting financial documentation.

        The defendant further agrees that, if restitution is ordered, it shall be due and
        payable immediately after the judgment is entered and is subject to immediate
        enforcement, in full, by the United States. If the Court imposes a schedule of
        payments, the defendant agrees that the schedule of payments is a schedule of the
        minimum payment due, and that the payment schedule does not prohibit or limit
        the methods by which the United States may immediately enforce the judgment in

full, including, but not limited to, the Treasury Offset Program.

5.  <u>Sentencing and Application of the Sentencing Guidelines</u>.

The defendant understands that the Sentencing Reform Act of 1984 applies in this case and that the Court is required to consider the United States Sentencing Guidelines as advisory guidelines. Except for the Rule 11(c)(1)(C) sentencing stipulations provided for in Section 6 of this Agreement, the defendant understands that she has no right to withdraw from this Plea Agreement if the applicable advisory guideline range or her sentence is other than she anticipated.

The defendant also understands that the United States and the United States Probation Office shall:

A.  Advise the Court of any additional, relevant facts that are presently known or may subsequently come to their attention;

B.  Respond to questions from the Court;

C.  Correct any inaccuracies in the pre-sentence report;

D.  Respond to any statements made by her or her counsel to a probation officer or to the Court.

The defendant understands that the United States and the Probation Office may address the Court with respect to an appropriate sentence to be imposed in this case.

The defendant acknowledges that any estimate of the probable sentence or the probable sentencing range under the advisory Sentencing Guidelines that she may have received from any source is only a prediction and not a promise as to the actual sentencing range under the advisory Sentencing Guidelines that the Court will adopt.

6. <u>Sentencing Stipulations and Agreements</u>.

Pursuant to Fed. R. Crim. 11(c)(1)(C), the United States and the defendant stipulate and

agree to the following:

      (a)     3 years' probation is an appropriate disposition of this case;

      (b)     The Defendant agrees to pay restitution in the amount of $200,000 to the VA pursuant to 18 U.S.C. § 3663(a)(3);

      (c)     No fine will be imposed.

The parties intend the above stipulations to be "binding" under Fed. R. Crim. P. 11(c)(1)(C). By using the word binding the parties mean that if the Court will not accept the plea agreement under Fed. R. Crim. P. 11(c)(3)(A), the plea agreement is null and void and the defendant will be allowed the opportunity to withdraw her guilty plea.

The parties are free to make recommendations with respect to the terms of imprisonment, fines, conditions of probation or supervised release, and any other penalties, requirements, and conditions of sentencing as each party may deem lawful and appropriate, unless such recommendations are inconsistent with the terms of this Plea Agreement.

    7.  Acceptance of Responsibility.

The United States agrees that it will not oppose an appropriate reduction in the defendant's adjusted offense level, under the advisory Sentencing Guidelines, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the offense. The United States, however, may oppose any adjustment for acceptance of responsibility if the defendant:

      A.     Fails to admit a complete factual basis for the plea at the time she is sentenced or at any other time;

      B.     Challenges the United States' offer of proof at any time after the plea is entered;

      C.     Denies involvement in the offense;

D. Gives conflicting statements about that involvement or is untruthful with the Court, the United States or the Probation Office;

E. Fails to give complete and accurate information about her financial status to the Probation Office;

F. Obstructs or attempts to obstruct justice, prior to sentencing;

G. Has engaged in conduct prior to signing this Plea Agreement which reasonably could be viewed as obstruction or an attempt to obstruct justice, and has failed to fully disclose such conduct to the United States prior to signing this Plea Agreement;

H. Fails to appear in court as required;

I. After signing this Plea Agreement, engages in additional criminal conduct; or

J. Attempts to withdraw her guilty plea.

The defendant understands and agrees that she may not withdraw her guilty plea if, for any of the reasons listed above, the United States does not recommend that she receive a reduction in her sentence for acceptance of responsibility.

The defendant also understands and agrees that the Court is not required to reduce the offense level if it finds that she has not accepted responsibility.

If the defendant's offense level is sixteen or greater, and she has assisted the United States in the investigation or prosecution of her own misconduct by timely notifying the United States of her intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently, the United States will move, at or before sentencing, to decrease the defendant's base offense level by an additional one level pursuant to U.S.S.G. § 3E1.1(b).

8. Waiver of Trial Rights and Consequences of Plea.

The defendant understands that she has the right to be represented by an attorney at every

stage of the proceeding and, if necessary, one will be appointed to represent her.   The defendant also understands that she has the right:

A.     To plead not guilty or to maintain that plea if it has already been made;

B.     To be tried by a jury and, at that trial, to the assistance of counsel;

C.     To confront and cross-examine witnesses;

D.     Not to be compelled to provide testimony that may incriminate her; and

E.     To compulsory process for the attendance of witnesses to testify in her defense.

The defendant understands and agrees that by pleading guilty she waives and gives up the foregoing rights and that upon the Court's acceptance of her guilty plea, she will not be entitled to a trial.

The defendant understands that if she pleads guilty, the Court may ask her questions about the offense, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers will be used against her in a prosecution for perjury or making false statements.

9.  Acknowledgment of Guilt; Voluntariness of Plea.

The defendant understands and acknowledges that she:

A.     Is entering into this Plea Agreement and is pleading guilty freely and voluntarily because she is guilty;

B.     Is entering into this Plea Agreement without reliance upon any promise or benefit of any kind except as set forth in this Plea Agreement or revealed to the Court;

C.     Is entering into this Plea Agreement without threats, force, intimidation, or coercion;

D.     Understands the nature of the offense to which she is pleading guilty, including the penalties provided by law; and

E.     Is completely satisfied with the representation and advice received from her undersigned attorney.

- 9 -

10.  Scope of Agreement.

The defendant acknowledges and understands that this Plea Agreement binds only the undersigned parties and cannot bind any other non-party federal, state or local authority. The defendant also acknowledges that no representations have been made to her about any civil or administrative consequences that may result from her guilty plea. The defendant understands such matters are solely within the discretion of the specific non-party government agency involved. The defendant further acknowledges that this Plea Agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving the defendant.

11.  Collateral Consequences.

The defendant understands that as a consequence of her guilty plea she will be adjudicated guilty and may thereby be deprived of certain federal benefits and certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms.

The defendant understands that, if she is not a citizen of the United States, her guilty plea to the charged offense will likely result in her being subject to immigration proceedings and removed from the United States by making her deportable, excludable, or inadmissible. The defendant also understands that if she is a naturalized citizen, her guilty plea may result in ending her naturalization, which would likely subject her to immigration proceedings and possible removal from the United States. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause her removal from the United States. The defendant understands that she is bound by her guilty plea regardless of any immigration

- 10 -

consequences of the plea. Accordingly, the defendant waives any and all challenges to her guilty plea and to her sentence based on any immigration consequences and agrees not to seek to withdraw her guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentence, based on any immigration consequences of her guilty plea.

      12.  <u>Satisfaction of Federal Criminal Liability; Breach</u>.

The defendant's guilty plea, if accepted by the Court, will satisfy her federal criminal liability in the District of New Hampshire arising from her participation in the conduct that forms the basis of the Indictment in this case.

The defendant understands and agrees that, if after entering this Agreement, she fails specifically to perform or fulfill completely each one of her obligations under this Agreement, fails to appear for sentencing, or engages in any criminal activity prior to sentencing, she will have breached this Agreement.

If the United States, in its sole discretion, and acting in good faith, determines that the defendant committed or attempted to commit any further crimes, failed to appear for sentencing, or has otherwise violated any provision of this Agreement, the United States will be released from its obligations under this Agreement, including, but not limited to, any agreement it made to dismiss charges, forbear prosecution of other crimes, or recommend a specific sentence or a sentence within a specified range. The defendant also understands that she may not use her breach of this Agreement as a reason to withdraw her guilty plea or as a basis to be released from her guilty plea.

      13.  <u>Waivers</u>.

      A.  Appeal.

The defendant understands that she has the right to challenge her guilty plea and/or

sentence on direct appeal. By entering into this Plea Agreement the defendant knowingly and

voluntarily waives her right to challenge on direct appeal:

1.     Her guilty plea and any other aspect of her conviction, including, but not
       limited to, adverse rulings on pretrial suppression motion(s) or any other
       adverse disposition of pretrial motions or issues; or claims challenging the
       constitutionality of the statute of conviction; and

2.     The sentence imposed by the Court if it is consistent with or lower than
       the stipulated sentence or the stipulated sentencing range specified in
       Section 6 of this agreement.

The defendant's waiver of her rights does not operate to waive an appeal based upon new

legal principles enunciated in Supreme Court or First Circuit case law after the date of this Plea

Agreement that have retroactive effect; or on the ground of ineffective assistance of counsel.

B.  Collateral Review

The defendant understands that she may have the right to challenge her guilty plea and/or

sentence on collateral review, e.g., a motion pursuant to 28 U.S.C. §§ 2241 or 2255.  By

entering into this Plea Agreement, the defendant knowingly and voluntarily waives her right to

collaterally challenge:

1.     Her guilty plea, except as provided below, and any other aspect of her
       conviction, including, but not limited to, adverse rulings on pretrial
       suppression motion(s) or any other adverse disposition of pretrial motions
       or issues, or claims challenging the constitutionality of the statute of
       conviction; and

2.     The sentence imposed by the Court if it is consistent with or lower than
       the stipulated sentence or the stipulated sentencing range specified in
       Section 6 of this agreement.

The defendant's waiver of her right to collateral review does not operate to waive a

collateral challenge to her guilty plea on the ground that it was involuntary or unknowing, or on

the ground of ineffective assistance of counsel. The defendant's waiver of her right to collateral

review also does not operate to waive a collateral challenge based on new legal principles

- 12 -

enunciated by in Supreme Court or First Circuit case law decided after the date of this Plea Agreement that have retroactive effect.

C. Freedom of Information and Privacy Acts

The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of the case(s) underlying this Plea Agreement, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 522a.

D. Appeal by the Government

Nothing in this Plea Agreement shall operate to waive the rights or obligations of the Government pursuant 18 U.S.C. § 3742(b) to pursue an appeal as authorized by law.

14.   No Other Promises.

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement or revealed to the Court, and none will be entered into unless set forth in writing, signed by all parties, and submitted to the Court.

15.   Final Binding Agreement.

None of the terms of this Plea Agreement shall be binding on the United States until this Plea Agreement is signed by the defendant and the defendant's attorney and until it is signed by the United States Attorney for the District of New Hampshire, or an Assistant United States Attorney.

16.    Agreement Provisions Not Severable.

The United States and the defendant understand and agree that if any provision of this

Plea Agreement is deemed invalid or unenforceable, then the entire Plea Agreement is null and

void and no part of it may be enforced.

JANE E. YOUNG
United States Attorney

Date: 5/28/2024                    By: _____

Charles L. Rombeau
Assistant United States Attorney
NY Bar Association #4326500
53 Pleasant St., 4th Floor
Concord, NH 03301
charles.rombeau@usdoj.gov

The defendant, Rhonda Simpson, certifies that she has read this 14-page Plea Agreement
and that she fully understands and accepts its terms.

Date: 5-28-24                    _____
Rhonda Simpson, Defendant

I have read and explained this 14-page Plea Agreement to the defendant, and she has
advised me that she understands and accepts its terms.

Date: 5-28-24                    _____

William Christie, Esquire
Attorney for Rhonda Simpson

- 14 -